PENN MUTUAL LIFE INSURANCE COMPANY, Appellee, v. EDITH F. ORR et al., Appellants.

No. 42345.

FEBRUARY 6, 1934.

F. W. Lohr, for appellants.

Milchrist, Schmidt, Marshall & Jepson, for appellee.

DONEGAN, J.—On May 3, 1924, Edith F. Orr and M. J. Orr executed and delivered to W. F. Grandy their promissory note for $21,000 and, as security for same, a mortgage covering certain real estate in the city of Sioux City, Iowa. Such note and mortgage were later assigned to the Penn Mutual Life Insurance Company. On July 13, 1932, the Penn Mutual Life Insurance Company filed its petition in equity against said Edith F. Orr and M. J. Orr, alleging that they had failed to make payment as provided in said note, asking for a personal judgment against them in the sum of $20,204.37, and for the foreclosure of the said mortgage. The defendants filed separate answers. In his separate answer, the defendant M. J. Orr admitted that he signed the note and mortgage, but claimed that his signature to said note was given without any consideration; that the consideration for said note was a loan made to Edith F. Orr, secured by the real estate described in the mortgage, in which the defendant M. J. Orr had no interest whatever except an inchoate

right of dower; that he signed said note as husband of said Edith F. Orr merely to bind his inchoate right of dower or statutory interest in his wife's real estate and for no other purpose. In her separate answer the defendant Edith F. Orr admitted signing said note and mortgage, but denied that there was due on said note the amount claimed by plaintiff; alleged that Grandy had retained $420 of said loan as pretended commission in addition to amounts deducted therefrom for revenue stamps, recording fees, and abstract fees; and that in addition he had required insurance upon the mortgaged property in the sum of $26,500, which was written by him for the purpose of increasing the profit of said Grandy on said loan; that said mortgage also contained provisions requiring the mortgagor to pay all taxes and assessments, general and special, except federal income tax, assessed upon the mortgaged premises, and upon the mortgage or money secured thereby, without regard to any law theretofore or thereafter enacted; and that, because of said requirements, the said note and mortgage contracted for interest in excess of 8 cents on the dollar by the year and were usurious. Said defendant also alleged that the Penn Mutual Life Insurance Company is not a holder in good faith, and that the said W. F. Grandy was the agent of said plaintiff in the making of the loan to defendant, and that said plaintiff is charged with knowledge and notice of the illegal nature of the transaction. Defendant Edith F. Orr also filed a counterclaim in which she asked for an accounting to determine the exact amount of illegal and usurious interest paid by defendant, and that there be deducted from the principal 8 per cent on the dollar by the year as provided by law. Upon the trial of the case the court entered judgment and decree in favor of the plaintiff in the sum of $21,138.24, with interest thereon at 8 per cent from January 6, 1933, the date of the decree, and for costs and attorney's fees. From this decree and judgment, and from all parts of said judgment and rulings thereon, the defendants appeal.

I. The first proposition presented by appellants is that the note sued upon was without consideration so far as the appellant M. J. Orr is concerned. The record shows without dispute that the legal title to the property covered by the mortgage was in the appellant Edith F. Orr, and appellant M. J. Orr contends that his only interest in the mortgaged property and in the loan secured thereon was because of his inchoate right of dower; that none of the money secured by the loan was paid to him; and that his only

connection with the loan was in conducting the negotiations as agent for his wife, Edith F. Orr. He contends that the evidence is therefore such that the trial court should have decreed that there was no consideration to support his signature to the note, and that as to him there should be no personal judgment. The evidence shows, however, that appellant M. J. Orr not only conducted all the negotiations in regard to securing the loan, but that he stated that the property had been purchased and paid for by him and the title taken in the name of his wife. It further shows that there was no discussion whatever in regard to his inchoate right of dower or the reasons for his signature being attached to the note at any time either before or after it was signed, until the filing of his answer herein. It appears that his signature was attached to the note at the time that the loan was secured and as a part of that transaction. It is a rule of law so well established as to require no citation of authorities that the signer of a promissory note is presumptively liable thereon. It is stated in Nolte v. Nolte, 211 Iowa 1289, 235 N. W. 483, that:

"It is a fundamental rule that consideration passing from the payee of a note to the maker will support the liability of one who signs contemporaneously, as a surety or comaker."

In Myers v. Sunderland, 4 G. Greene, 567, one of the makers of a note defended on the ground that he had received no part of the consideration. In considering that question, this court said:

"The only question to be decided is, Do the averments in the answer constitute a bar to the action? The answer admits that the payee gave a full consideration for the note, but claims that the consideration was received by Weir, one of the makers. It matters not which of the makers of a note receive the consideration. It must be presumed that the payee was induced to give the consideration on the credit of the names attached to the note. The makers of such a note are severally and equally responsible, without regard to the party who received the consideration."

Appellant M. J. Orr having signed the note along with his wife and as a part of the same transaction in which she received valuable consideration, the burden was upon him to show failure of consideration for his signature. We think he has failed to sustain such burden.

■ II. Appellants contend that the note sued upon was usurious. They base this contention on the fact that Grandy deducted $420 from the face of the loan as a commission; that the appellant Edith F. Orr received only $20,580, instead of $21,000; that this $420 commission together with the $1,260 interest for one year made a total of $1,680 paid by her on said note for the first year; and that this made a total charge for the use of the money for this first year in excess of the 8 per cent and is, therefore, usurious. Appellee, on the other hand, contends that the $420 deducted from the face of the loan was a commission of 2 per cent on the loan charged for procuring the same; that the loan was for five years; that the commission, if considered as interest, applied to a five-year loan and should be distributed over that period of time; and that when this is done, it will readily be seen that the rate of interest is much less than the 8 per cent permitted by the laws of this state.

Neither side has cited any authorities in support of their respective contentions. Aside from the question as to the commission being for services rendered and based upon an independent consideration, we think the reasonable rule for determining whether an instrument is usurious or not must take into consideration the entire length of time that the money will be retained by the borrower. In Smith v. Parsons, 55 Minn. 520, 57 N.W. 311, the amount of interest reserved was 7 per cent, and there was a question whether the bonus charge for making the loan, and other charges made by the lender, caused the total amount charged for the use of the money loaned to be more than 10 per cent. The court found that the transaction was usurious, but in doing so it computed the interest as provided by the instrument for the full term, added thereto the amount of all other deductions made by the lender, and found that the total amount thus charged to the borrower exceeded the legal rate of 10 per cent on the amount of principal actually received by him.

The mortgage involved in this case contained a provision that:

"The mortgagor hereby agrees to pay all taxes and assessments, general or special, excepting only the Federal Income Tax, which may be assessed upon said land, premises or property, or upon the mortgagee's interest therein; or upon this mortgage or the moneys secured hereby; without regard to any law heretofore enacted or

hereafter to be enacted, imposing payment of the whole or any part thereof, upon the mortgagee; * * * "

Appellants further contend that by requiring the borrower to pay such taxes assessed against the lender, the amount thus exacted from the borrower should be considered as additional interest in determining whether the note was usurious or not. They argue that under such instrument the borrower may be compelled to pay a state income tax on the interest on the loan received each year by the lender; a tax upon the mortgagee's interest in the land based on the amount of his mortgage; and a tax on moneys and credits. It is conceded that the only such tax now imposed by the laws of this state is the tax on moneys and credits, which, upon the face of the loan, would amount to $126 per year. But it is contended that the other taxes referred to in the mortgage may be imposed by the state at some future time, and that, if this is done, the total of such taxes would reasonably amount to nearly three per cent a year on the debt, which, added to the rate of interest provided, would make the instrument usurious.

Appellants contend that the mere fact that the mortgage provides for these charges against the borrower is sufficient to make the instrument usurious, and that the intention of the lender in providing for these charges cannot be considered. In support of this contention they cite the case of Vandervelde v. Wilson, 176 Mich. 185, 142 N. W. 553. In the case cited, however, the rate of interest reserved in the instrument was 7 per cent, which was the maximum rate of interest permitted in Michigan at that time. The court found that, under the provisions of the mortgage, certain taxes, which under the law were assessed to the mortgagee, were required to be paid by the mortgagor, and held that, since any addition to the rate of interest provided in the note would make the instrument usurious, there could be no question of the intention of the mortgagor. In considering the question of intention, that case cited from Green v. Grant, 134 Mich. 462, 96 N. W. 583, wherein it was said:

" 'Nor can we assent to the contention of defendant that a contract is usurious because the aggregate of interest reserved and taxes paid exceeds the maximum allowed by the statute. In our judgment, such a contract is not usurious per se. Whether or not it is usurious depends upon the intention of the lender. If, at the time the contract was made, he knew that the aggregate of interest

reserved and taxes to be paid would exceed the statutory rate, as he would if the interest reserved was the maximum interest, the contract is usurious. If, on the other hand, at that time he believed that the aggregate of interest and taxes would not exceed the maximum rate allowed by statute, it would be as contrary to law as to good morals to declare it usurious.' "

Following the above quotation, the court, in Vandervelde v. Wilson, proceeded to say:

"Counsel says that the statement in the opinion, 'as he would if the interest reserved was the maximum interest,' is obiter dictum. This is, however, a correct statement of the law, and when the contract in terms reserves usury the intent is necessarily implied."

Appellants also cite the case of Stuart v. Durland, 115 Neb. 211, 212 N. W. 31, 53 A. L. R. 739, in which it was held that a mortgage which contained a provision that the mortgagor should pay, in addition to the maximum rate of interest permitted by statute, the taxes to be assessed upon the notes and mortgages or assessed against the mortgagee's interest in the mortgaged premises, was usurious. In that case, as in the Vandervelde case, supra, the interest reserved in the note and mortgage was the maximum rate permitted by statute. Under the Nebraska law then in force, the mortgagor was held to have an interest to the extent of his mortgage in the mortgaged premises, and was required to pay taxes thereon. The provision in the note requiring these taxes to be paid by the borrower, in addition to the maximum rate of interest, necessarily constituted usury. While holding that the transaction was usurious, the court said:

"We do not wish to be understood as holding that a mortgage containing such a clause as appears in the present case is usurious, where the stipulated rate of interest, exclusive of the taxes is less than the legal maximum rate. It is probable that such a contract would not be usurious, even when the aggregate of the stipulated interest and taxes exceeded 10 per cent, unless at the time of the making of the contract, both parties knew or believed that the tax and other stipulated interest would be in excess of 10 per cent. However, that question is not now before us and of course is not decided."

So far as we have been able to find, the cases generally support the rules announced in the Vandervelde case and the Stuart case, supra; that is, if the instrument provides for the maximum rate of interest and for the payment by the borrower of taxes assessable to the lender, there can be no question of intention involved, because the instrument itself shows that it is usurious. But, if the instrument does not provide for the maximum rate of interest, and provides for payment of taxes by the borrower which are assessable to the lender, the instrument may or may not be usurious, and in determining this question the intention of the parties may be considered. The evidence in this case fails to show that the rate of interest reserved, together with the commission and taxes and other known charges which the makers of the note and mortgage were required to pay, will exceed 8 per cent per annum when computed over the full term of the note and mortgage. The burden of proving that the note is usurious was on the defendants, and they have failed to sustain this burden.

III. Appellants complain that, in any event, the amount of the judgment should be reduced because it contains a charge for interest at the rate of 8 per cent per annum from January 1, 1932, to July 1, 1932, whereas the interest for that period should be computed at the rate of 6 per cent per annum. The note sued upon, however, provides that the principal amount shall be paid "with interest thereon at the rate of six (6) per cent per annum from date hereof until the maturity of said respective installments, payable semi-annually January 1st and July 1st, and after maturity at the rate of eight (8) per cent per annum." The last installment of principal was payable July 1, 1929. The interest at 8 per cent charged from January 1, 1932, to July 1, 1932, was, therefore, interest which became due on the principal after maturity. We see no error in the computation made by the trial court.

Other propositions are set forth and argued by appellants in their brief and argument, but, in view of our holding that the note sued upon was not usurious, it becomes unnecessary to consider them in this opinion.

The judgment and decree of the trial court is affirmed.—Affirmed.

CLAUSSEN, C. J., and EVANS, ALBERT, and KINDIG, JJ., concur.