(No. 32558.—

EDNA L. ELLIS, Appellant, *vs.* LAWRENCE WILLIAMS *et al.,* Appellees.

*Opinion filed January 22, 1953.*

SIDNEY A. JONES, JR., and GLENN C. FOWLKES, both of Chicago, for appellant.

CLARKE, LONGMIRE & LANE, and UNGARO & SHERWOOD, both of Chicago, (THOMAS M. CLARKE, and FRANK J. MCLORAINE, of counsel,) for appellees.

Mr. CHIEF JUSTICE CRAMPTON delivered the opinion of the court:

Plaintiff brought suit in the superior court of Cook County to obtain specific performance of an alleged contract to devise certain real estate to her in consideration of services furnished by plaintiff. The cause was referred to the master, whose report recommended that plaintiff be granted the relief prayed for. However, the superior court sustained exceptions to the master's report and entered a decree dismissing the complaint for want of equity, and plaintiff has appealed to this court.

At the outset we are confronted with the question of whether we have jurisdiction of this appeal. In defendants' brief it is alleged that the real estate in question was taken

by condemnation prior to the institution of suit in the trial court, with the purchase price being deposited with the county treasurer awaiting the outcome of this suit. Defendants argue therefrom that this suit does not involve title to real estate, but merely the right to recover money. However, the record is completely barren of any evidence to support defendants' allegations, and, in the absence of such evidence, we cannot consider the objection.

The evidence on the question of the making of the contract and the performing of services is sharply conflicting. In support of plaintiff's contention, an attorney testified that decedent had told him she wanted plaintiff to have the home; that she had agreed with plaintiff to leave her the home if plaintiff would take care of her; and that plaintiff had fulfilled the agreement and should have the house. This attorney further testified that decedent had instructed him to prepare a will leaving the home to plaintiff; that he dictated such a will but that due to an error on the part of his secretary, the will as written did not contain this devise; that the will was signed by decedent without reading it, upon the assumption that it contained the devise to plaintiff; that he never read the will until after he filed it for probate. Other witnesses for plaintiff testified that they saw plaintiff at decedent's home frequently, working about the house; that they heard decedent say that she was going to leave the house to plaintiff; and that decedent told them that she had no money to pay plaintiff.

On defendants' side there was evidence that plaintiff was seldom in decedent's home; that she did not do any work there; and that she did not stay at decedent's home at nights. Defendants' evidence further tended to prove that decedent did have sufficient money to pay for services. It was also shown that another woman, one Mary Morse, worked for decedent during the period when plaintiff alleges she cared for her. Mary Morse filed a claim

against decedent's estate, based upon services rendered by her, which was allowed in part. There was other testimony on both sides, but no useful purpose would be served by reciting the same as it would only tend to further demonstrate the conflicting nature of the evidence.

We have held many times that courts of equity should accept with caution evidence offered in support of a contract to make a testamentary disposition, and that only clear, explicit and convincing evidence will justify a finding in favor of such a contract. (*Linder* v. *Potier,* 409 Ill. 407.) The conflicting evidence here is not such as to come within the above rule and the chancellor properly held that plaintiff had failed to prove her case by a preponderance of the evidence. The decree is, therefore, affirmed.

*Decree affirmed.*