W. E. WILLIAMS et al., appellants, v. WALTER WILLIAMS; ESTATE OF MYRTLE STEPHENS, deceased, and COUNCIL BLUFFS SAVINGS BANK, executors of the estate, appellees.

No. 49754.

(Reported in 100 N.W.2d 185)

DECEMBER 15, 1959.

Hess & Peters, of Council Bluffs, for appellants.

Ross, Johnson, Northrop, Stuart & Tinley and Claude L. Morain, all of Council Bluffs, for appellees Estate of Myrtle Stephens, deceased, and Council Bluffs Savings Bank, executors of estate of Myrtle Stephens, deceased.

Don H. Jackson, of Council Bluffs, for appellee Walter Williams.

HAYS, J.—Myrtle Stephens died testate leaving her property to her brothers and a sister. The Council Bluffs Savings Bank is the executor of the estate. At the time of her death she had two accounts with said bank. A savings account in the amount of $5184.06 and a checking account in the amount of $1500. These accounts were in the name of Myrtle Stephens and Walter Williams, a brother. In this proceedings, brought by a brother, the question is whether these accounts constitute assets of the estate or belong to Walter Williams under a joint tenancy with right of survivorship agreement. The bank assumes a neutral position. The trial court held both accounts to be the property of Walter Williams.

There is a material difference in the two accounts even though they were opened at the same time and under identical circumstances. It is conceded that all the funds belonged to Mrs. Stephens.

I. The checking account: The bank records show that on August 24, 1956, Myrtle Stephens and Walter Williams signed a signature card at the place designated thereon "Authorized Signatures Of Joint Account Holders." Directly above the signatures are printed rules governing such accounts. Among other things, appears the following:

"The undersigned * * * agree that any funds deposited by us or anyone else to the credit of said joint account * * * without regard to the original ownership of said funds, shall be payable to any one of the undersigned, or to the survivor thereof, whether any of the other said persons be living or not at the time of said payment. * * * It is especially agreed that such payment to the survivor shall be binding upon each of us, and upon our heirs, next of kin, legatees, assigns and personal representatives."

II. The savings account: It is headed "Stephens, Myrtle or Williams, Walter (brother)." Thereafter in fine print is the following.

"I hereby agree to the by-laws, rules and regulations governing the savings department of the Council Bluffs Savings Bank, Council Bluffs, Iowa."

It further provides that the agreement on the reverse side is a part of the instrument. The card bears the signatures of Myrtle Stephens and Walter Williams. Below the two signa-

tures, stamped thereon in purple ink, is the date, August 24, 1956, and the notation "Joint Tenancy With Right Of Survivorship." Nowhere else on the card is there any mention or reference to a joint tenancy with survivorship.

III. The record shows that on the date thereof Myrtle Stephens and Walter Williams went to the bank and the accounts were opened. Walter Williams took no part in the transaction other than to sign his name to the two cards. They were in the bank about fifteen minutes. Mr. F. W. Radke, who handled the matter for the bank, was a witness. He states that neither card was read by either one of the signers but that the transaction was discussed. He further states:

"She said she wanted to open an account and wanted to have her brother on the account. She told me that she wanted him to be able to sign checks if she became sick or couldn't do anything he could go ahead and do business for her. It was on that basis that the account was opened and I told him with that 'or' in there he could come in the next day and draw all the money and there would be nothing to do. * * * I told them it was a joint account." Also, "I told her about the 'or' in the two accounts with her brother; that he has just as much right to this account as she does * * * and she said 'I have all the faith in the world in him, I don't care anything about that. That's perfectly all right with me. I want him to have charge of my money.' "

It further appears from his testimony that after the savings account card was signed, and after the two parties had left the bank, he took the card to a teller and said "this is a joint account between Myrtle Stephens and Walter Williams." The teller then stamped thereon the date and the notation "Joint Tenancy With Right Of Survivorship." Later in the trial he appeared as a witness for defendant Walter Williams and in response to a leading question, properly objected to, stated "I told her she could go out and get killed going across the street before she got home and the money would belong to her brother and she said 'I understand that.' " There is considerable testimony both pro and con relative to her mental and physical condition at the time of the transaction.

■■ IV. In this state we have adopted the contract and joint-tenancy theory with the ultimate question being the intent of the parties. As announced in In re Estate of Murdoch, 238 Iowa 898, 29 N.W.2d 177; McManis v. Keokuk Sav. Bk. & Tr. Co., 239 Iowa 1105, 33 N.W.2d 410, and Hill v. Havens, 242 Iowa 920, 48 N.W.2d 870, when a definite written agreement is made by a depositary bank with its customers, such agreement is binding upon the bank and the parties signatory, and if it is clear in its terms and meaning it cannot be changed by parol evidence except for a plea of fraud, duress and mistake. Where no written agreement is made, or, if so made, is vague, uncertain and ambiguous, extraneous evidence to determine the intent of the depositor is admissible. Sinift v. Sinift, 229 Iowa 56, 293 N.W. 841; O'Brien v. Biegger, 233 Iowa 1179, 11 N.W.2d 412.

■ In the instant case, the difference between the agreement in the checking and in the savings account is apparent. The checking account agreement is definite and certain as to the survivorship clause and is substantially like the agreement in the Murdoch and Hill cases, both supra. The savings account agreement is extremely vague and ambiguous. Whatever appears upon the signature card, relative to the "joint tenancy", was placed thereon after the instrument was signed and after the signing parties had left the bank. Assuming that such constitutes an agreement, it seems clear that extraneous evidence of the entire circumstances surrounding the transaction, as bearing upon the intent and object of the signing parties, was clearly competent.

■■ V. The instant case differs from the Murdoch and Hill cases, both supra, in one aspect. Extraneous evidence, as bearing upon the intent, was received in evidence apparently as to both of the accounts without objection. However, under the rule in this state a failure to object to the reception of such evidence is not fatal or a waiver. This rule which forbids varying, modifying, adding to or contradicting written contracts by parol evidence is one of substantive law rather than a rule of evidence, and this evidence should be disregarded even though not objected to. Martin v. Stewart Motor Sales Co., 247 Iowa 204, 73 N.W.2d 1; 20 Am. Jur., Evidence, section 1101; 88 C. J. S., Trial, section 154. As to the checking account, the

written agreement, as is, is binding and the trial court was correct in its holding.

VI. As to the savings account, the record seems almost conclusive that the desire of Mrs. Stephens in the opening of the accounts was to enable her brother to carry on her business in case of her inability to do so. There is nothing to show that she wanted to make a gift of this money to her brother or that it should pass other than through her estate. We think the trial court erred as to the savings account and that it was nothing more than a joint account for purpose of checking thereon.— Affirmed in part, reversed in part and remanded for a decree in accord herewith.

LARSON, C. J., and OLIVER, GARFIELD, PETERSON, and GARRETT, JJ., concur.

BLISS and THOMPSON, JJ., concur in result.