417 P.2d 798

**HOME SAVINGS & LOAN ASSOCIATION, a New Mexico corporation, Plaintiff-Appellee,**

v.

**W. C. BATES, d/b/a American Builders Supply, Defendant-Appellant.**

**No. 7810.**

Supreme Court of New Mexico.

Aug. 29, 1966.

Threet, Threet, Glass & King, Albuquerque, for appellant.

Jack A. Smith, Albuquerque, for appellee.

## OPINION

WALDO SPIESS, Judge, Court of Appeals.

This appeal is from a final judgment foreclosing a real estate mortgage. The question raised is whether relief should have been denied the mortgagee (appellee) under the clean hands maxim.

One William M. Mills secured a loan from appellee, Home Savings and Loan Association, for the purpose of constructing a dwelling upon specified property. The loan was in the principal amount of $31,000.00, evidenced by a promissory note and secured by a mortgage covering the land upon which the improvements were to be constructed.

In accordance with the terms of the promissory note the indebtedness was payable over a period of 30 years in monthly installments of one hundred ninety-eight dollars each, which included interest at the rate of six and six-tenths per cent per annum.

Based upon agreement with Mills, various deductions were made by appellee from the principal of the loan, including a loan fee in the sum of $1,085.00, and interest prepayment for the period October 24, 1962, to February 1, 1963, and certain loan expenses.

The balance was then credited by appellee to an account maintained by it and denominated "Loans in Process". By written agreement between appellee and Mills money so deposited would be disbursed from time to time to Mills as construction of improvements progressed, and in the event of

default by Mills in the payment of the promissory note appellee was authorized to credit any balance remaining to the credit of Mills in the account upon the promissory note.

Before the account had been fully disbursed Mills did default and this foreclosure proceeding was commenced against him. A number of lien claimants were joined as defendants, including the appellant, Bates, whose claim was based upon the sale by him to Mills of material used in the construction of the dwelling.

Appellee's complaint, which had been verified by an officer of appellee, demanded judgment against Mills in the principal sum of $31,000.00, together with interest at the rate of 6.6 per cent per annum from November 1, 1962, and also for expenses and attorney's fees, and that the total sum claimed be declared to be a lien upon the real estate prior to the liens or claims of all defendants, including appellant.

No mention was made in the complaint, nor credit taken of the undisbursed balance to Mills' credit in the Loans in Process account, nor of the pre-payment of interest for the period October 24, 1962, to February 1, 1963.

In accordance with Appellee's requested findings of fact and the judgment entered by the court, the interest demand was adjusted and the promissory note reduced by the balance then remaining to the credit of Mills in the "Loans in Process" account.

It is appellant's contention that appellee, Home Savings Loan Association, should have been denied relief under the clean hands maxim. It is fundamental that the maxim is based upon public policy and means simply that courts of equity will not lend their aid to anyone seeking their active interposition, who has been guilty of fraudulent, illegal or inequitable conduct in the matter with relation to which he seeks relief.

The defense of unclean hands is not an arbitrary rule of law. Whether the facts and circumstances in a given case warrant its application rests in sound discretion of the trial court. Leathers v. Leathers, 162 Cal.App.2d 768, 328 P.2d 853; Marcel v. Marcel, 132 So.2d 210, (Fla. App.1961); Mullikin v. Jones, 71 Nev. 14, 278 P.2d 876; Hanley v. Hanley, 14 Ill.2d 566, 152 N.E.2d 879.

It is first contended that the loan fee imposed by appellee rendered the transaction partially illegal and the trial court should have applied the clean hands maxim and denied relief to appellee.

Appellant argues that if the loan fee is treated as a commission for negotiating or securing a loan, it violates Sec. 50-6-13, N.M.S.A., 1953, if, on the other hand, the fee be considered a pre-payment of interest

then appellee is in violation of Sec. 50–6–16, N.M.S.A., 1953.

██ Sec. 50–6–13, supra, limits the charge which may be made by a broker against his principal for services rendered by the broker in procuring a loan of money for the principal. No such relationship is shown to have existed between appellee and Mills. Consequently, Sec. 50–6–13, supra, has no application to the transaction involved here.

There is, likewise, no merit. to the contention that the loan fee treated as a pre-payment of interest results in a violation of Sec. 50–6–16, supra. This statute provides that where a debt is secured by collateral, interest shall not exceed 10 per cent per annum computed upon unpaid balances for the actual time during which such balances respectively are unpaid.

██ A proper test of usury is whether figuring all interest payments, including the portion prepaid, more than the authorized rate is required to be paid for the term the loan has to run.

In. considering whether partial interest pre-payments evidenced by certain promissory notes was usurious we held in American Inv. Co. v. Lyons, 29 N.M. 1, 218 P. 183:

"From a review of the cases referred to, we are inevitably led to the conclusion that, if the sum charged as interest does not exceed. interest at the rate of 10 per cent per annum upon. the sum loaned, computed upon the basis of. the full time the loan is to extend, it is not usurious, regardless of the fact that such interest is evidenced by notes in such sums and maturing at such times during the interim as the parties may agree upon."

See also: American Investment Co. v. Roberts, 29 N.M. 99, 218 P. 1037; Hollamon v. First State Bank of Stroud, 389 P.2d 352, (Okla.1963); Griffin v. B. & W. Finance Company, 389 S.W.2d 350, (Tex. Civ.App.1965); Pacific Finance Corp. of California v. Crane, 131 Cal.App.2d 399, 280 P.2d 502; Levy v. Blonder, 296 Ill.App. 266, 16 N.E.2d 146; Long Realty Co. v. Breedin, 175 S.C. 233, 179 S.E. 47; Lewis v. Vassar, 132 Wash. 480, 232 P. 312; Penn Mutual Life Ins. Co. v. Orr, 217 Iowa 1022, 252 N.W. 745.

██ In the present case the sum, including the loan fee, considered and charged as interest upon the loan does not exceed 10 per cent per annum computed upon the full term of the loan. The undisputed evidence in the record fixes the interest rate, including and treating the loan fee as prepaid interest at 6.85 per cent per annum. The loan fee charged Mills furnishes no basis for the application of the clean hands maxim.

██ Appellee is further charged with unclean hands on the ground that it made cer-

**664**

tain false allegations in its verified complaint. The statements claimed to be false are, first, the allegation that the principal owing to appellee by Mills was in the sum of $31,000.00. The falsity of this allegation appellant argues is based upon the fact that appellee had in its possession the undisbursed portion of the Loans in Process account, which it should have credited against principal thereby substantially reducing the amount actually owing to it. Second, that appellee was entitled to interest upon the principal from November 1, 1962, when, in fact, interest had been prepaid for the period October 24, 1962, to February 1, 1963.

Appellant does not appear to have been misled by the allegations, which he claims were false, and, further, during trial appellee made full disclosure to the court and appellant of the balance to Mills' credit in the Loans in Process account. Likewise, introduced in evidence the loan closing statement which recited the pre-payment of interest.

We find no abuse of discretion on the part of the trial court in refusing to apply the maxim.

Finding no reversible error the judgment is affirmed.

It is so ordered.

NOBLE and MOISE, JJ., concur.