417 P.2d 801

**HOME SAVINGS & LOAN ASSOCIATION,. a New Mexico corporation, Plaintiff-Appellee,**

v.

**W. C. BATES, d/b/a American Builders Supply, Defendant-Appellant.**

**No. 7811.**

Supreme Court of New Mexico.

Aug. 29, 1966.

Threet, Threet, Glass & King, Albuquerque, for appellant.

Jack A. Smith, Albuquerque, for appellee.

OPINION

WALDO SPIESS, Judge, Court of Appeals.

This action was instituted for the purpose of foreclosing a real estate mortgage securing a loan made by appellee, Home Savings and Loan Association, to one, William M. Mills. The loan was in the amount of $35,000.00, the proceeds to be used by Mills in the construction of a dwelling upon the property covered by the mortgage.

The loan was payable over a period of thirty years in monthly installments of

$213.90, each including interest at the rate of 6.6 per cent per annum.

In accordance with an agreement between Mills and appellee certain deductions were made from the principal of the loan for expenses incurred, a loan fee payable to appellee in the sum of $1,225.00 and, also, a sum in pre-payment of interest for the period September 27, 1962, to January 1, 1963. The remaining balance of the loan was then credited to an account maintained by appellee and denominated "Loans in Process" from which account disbursements were made and to be made from time to time to Mills as the construction of the dwelling progressed.

It was, likewise, agreed between Mills and appellee that in the event of default by Mills in the payment of the indebtedness to appellee that credit could be taken against such indebtedness by appellee of any amount remaining undisbursed in the "Loans in Process" account.

Before the "Loans in Process" account had been fully disbursed Mills did default and the foreclosure proceedings instituted. Mills and others, including appellant, W. C. Bates, were joined as parties defendant.

Appellee's complaint, which had been verified by one of its officers, alleged that Mills was indebted to appellee in the principal sum of $35,000.00, upon which interest was owing from September 26, 1962. No mention was made, nor credit taken for the undisbursed balance to Mills' credit in the "Loans in Process" account, nor was credit taken for the interest pre-payment covering the period September 27, 1962, to January 21, 1963. The judgment entered by the trial court took into account the undisbursed balance in the "Loans in Process" account and prepaid interest in determining the indebtedness owing to appellee. It was, likewise, determined by the judgment that the lien of appellee's mortgage was superior to the claim of lien interposed by appellant. Appeal was taken from this judgment, appellant contending that the trial court should have denied relief to appellee under the clean hands maxim.

The questions involved here are identical with those presented and decided by us in Home Savings & Loan Association v. W. C. Bates, d/b/a American Builders Supply, 76 N.M. 660, 417 P.2d 798.

Upon authority of our decision there rendered the judgment of the lower court in this case is affirmed and

It is so ordered.

NOBLE and MOISE, JJ., concur.