FARMERS STATE BANK, Respondent v. KEISER, Appellant

(159 N.W.2d 388)

(File No. 10453. Opinion filed June 13, 1968)

**Davenport, Evans, Hurwitz & Smith, Samuel W. Masten,** Sioux Falls, for defendant and appellant.

**Rudolph & Bogue,** Canton, **E. V. Slife, Jr.,** Hawarden, Iowa, for plaintiff and respondent.

JONES, Circuit Judge.

The plaintiff bank brought this suit against the defendant on a promissory note signed by the defendant and four other persons who were not named as parties to this action. The cir-

cumstances leading up to the execution of the note involved herein are, briefly, as follows: The defendant and a partner were manufacturers of a strato-steam cleaner for washing grocery carts. They negotiated a sale of a used steam cleaner with two persons, Bowden and Waterman, and agreed upon a price of $3,000 for the steam cleaner and an exclusive franchise to operate in a certain geographical area. The terms of the sale were to be cash. Bowden and Waterman attempted to secure financing for their purchase from the plaintiff bank and were refused. Thereafter, the two purchasers and the defendant went to the plaintiff bank, and in the course of their dealings, a promissory note was signed by the two purchasers and the defendant for $3,858.84, which sum included principal, interest and insurance on Bowden. Defendant's wife and partner signed the note later. The bank then delivered its cashier's check for $3,000 to defendant, payable to defendant and his partner, and noted thereon the names of Bowden and Waterman as remitters. The defendant in turn gave Bowden and Waterman a bill of sale to the machine and an exclusive territorial franchise. The purchasers then gave the bank a chattel mortgage on the machine to secure the note.

After three payments were made on the note by Bowden, the note was defaulted, and this action was commenced by the bank against the defendant. Defendant defended this suit on the grounds that he received no consideration for signing the note, that he was an accommodation maker and that the bank was the party accommodated, and that in signing the note the defendant was acting only as guarantor of the equipment sold to Bowden and Waterman.

The trial court, at the conclusion of the evidence, directed a verdict for the plaintiff on the grounds that the defendant was a maker of the note for value, and liable thereon as a matter of law.

■■ Since the note was signed and the sale was completed in Hawarden, Iowa, the action was submitted and tried under the substantive law of Iowa. Akron Savings Bank v. Charlson, 83 S.D. 251, 158 N.W.2d 523. The Uniform Commercial Code be-

came effective in that state on July 4, 1966. Since the transactions involved predated this effective date, the case is governed by the Iowa Negotiable Instruments Law. I.C.A. § 554.10101.

■■ The evidence is undisputed that the defendant received a $3,000 cashier's check from the plaintiff bank after signing the note in question. The fact that this check also represented the selling price of the equipment and franchise to Bowden and Waterman does not preclude it from constituting consideration for this note. Restatement, Contracts, § 83; 1 Corbin on Contracts (1963) § 125. Where a contract has the support of consideration, such consideration is applicable to every original party thereto. Starry v. Starry & Lynch, 212 Iowa 274, 234 N.W. 281; Penn Mut. Life Ins. Co. v. Orr, 217 Iowa 1022, 252 N.W. 745; 11 Am.Jur.2d, Bills and Notes § 236. Since the defendant received consideration or value from the bank for signing the note, he is not an accommodation maker of the note. 1962 Code of Iowa, § 541.29. We hold the defendant is, under the evidence in this case, a comaker of the note as a matter of law, and is not an accommodation party. Security Savings Bank v. Carlson, 210 Iowa 1117, 231 N.W. 643; Bjornsen Construction Co. v. J. A. Whitmer & Sons, 254 Iowa 888, 119 N.W.2d 801.

■■ On the trial of this action, the defendant was permitted to testify, without objection, as follows:

"Q And then were any negotiations entered into between Bowden, Waterman and the bank and/or Mr. Anderson with regard to financing?

"A Mr. Anderson, we were all discussing the unit. Finally Mr. Anderson asked me if I believed enough in my equipment to sign the note and I told him I did. I was thinking I was guaranteeing the unit and it was phrased in that manner."

And in answer to a similar question, the defendant answered:

"A As Mr. Anderson phrased it, he asked me if I believe enough in my equipment to sign the note, and I was guaranteeing the operation of the equipment and that is the basis that I signed the note."

The basis for the plaintiff's motion for a directed verdict was that parol evidence cannot be considered to change the written contract expressed in the note. The defendant's position is that since the testimony was received without objection, it raises a jury question as to whether the defendant was liable as a co-maker on the note or was merely acting as a guarantor of the equipment sold by him.

Defendant's testimony is clearly incompetent and inadmissable under the parol evidence rule. The intention of the parties as evidenced by the legal import of the language of a valid written contract cannot be varied by parol proof of a different intention. 30 Am.Jur.2d, Evidence § 1016; Stebens v. Wilkinson, 249 Iowa 365, 87 N.W.2d 16, 71 A.L.R.2d 277; Armstrong v. Cavanagh, 183 Iowa 140, 166 N.W. 673, 25 A.L.R. 784; Alcorn v. Linke, 257 Iowa 630, 133 N.W.2d 89; City of Des Moines v. City of West Des Moines, 244 Iowa 310, 56 N.W.2d 904.

 The parol evidence rule is not a rule of evidence, but is a rule of positive or substantive law founded upon the substantive rights of the parties. 30 Am.Jur.2d, Evidence § 1017; Williams v. Williams, 251 Iowa 260, 100 N.W.2d 185; City of Des Moines v. City of West Des Moines, supra. Admission of testimony in violation of the parol evidence rule does not make the testimony competent, whether it is admitted without, or over, objection. Such evidence will be disregarded even though no objection is made thereto. Randolph v. Fireman's Fund Insurance Co., 255 Iowa 943, 124 N.W.2d 528, 8 A.L.R.3d 907; Williams v. Williams, supra. Since the parol evidence rule is one of substantive law, the admission, without objection, of such testimony does not preclude the trial court from disregarding it upon a motion to direct a verdict, and an appellate court cannot consider such evidence or give it any weight. 30 Am.Jur.2d, Evidence § 1022.

Defendant's unfounded hope or belief that he would not be called upon to pay the note cannot alter his legal status or liability as a comaker of the note. The trial court correctly directed the verdict for plaintiff.

Judgment affirmed.

All the Judges concur.

JONES, Circuit Judge, sitting for ROBERTS, J., disqualified.