HARRY L. CAREY, AGNES T. CAREY, JAMES M. FOOKS,
FRANCIS H. FOOKS, Plaintiffs Below,
Appellants,

*vs.*

SHELLBURNE, INC., a Delaware corporation, Defendant Below,
Appellee.

*Supreme Court, On Appeal, November 9, 1966.*

*Petition for Re-Argument Denied, November 29, 1966.*

*John M. Bader,* Wilmington, for plaintiffs below, appellants.

*Donald W. Booker,* Wilmington, for defendant below, appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice: The plaintiffs, lot owners in the development known as Shellburne, appeal from dismissal of their action to enjoin the defendant land developer from using retained lands for commercial purposes. See 215 *A.2d* 450.

The determinative questions on the appeal are (1) whether the facts establish a neighborhood residential plan for Shellburne; and (2) whether a restrictive covenant may be engrafted by parol evidence upon the plaintiffs' deeds.

The facts are fully set forth in the opinion of the Chancery Court, 215 *A.2d* 451-453, to which reference is made. Since the disposition of the case does not depend upon any controverted fact, the facts need not be restated.

I.

■ The plaintiffs contend that a neighborhood residential plan was established by the recorded use and building restrictions governing Shellburne; that, therefore, the defendant is estopped to put the Shipley Road parcel to commercial usage. We disagree for the following reasons:

First, the Shipley Road parcel was not included within the bounds of any of the deeds by which restrictions were imposed upon other areas of the development described therein. Second, the recorded plat of Shellburne bore a legend designating the Shipley Road parcel as "RESERVED FOR FUTURE DEVELOPMENT", and markings of an "Apartment or Business Set-Back Line" as well as a "Residential Set-Back Line." Third, the deeds and the plat were recorded before the plaintiffs purchased their lots and, therefore, they had constructive notice of both.

After consideration of the plaintiffs' various factual contentions, we agree with the trial court that the Shipley Road parcel was not

covered by the restrictions imposed upon various other parts of the development and, therefore, was not included in a Shellburne neighborhood residential plan.

On this point, the plaintiffs rely upon *Gammons v. Kennett Park Development Corp.*, 30 *Del.Ch.* 525, 61 *A.2d* 391 (1948). As to the basic question regarding the existence of a neighborhood plan, *Gammons* is inapplicable on its facts. As to the admissibility of extrinsic evidence offered for the purpose of establishing a neighborhood plan by explaining the ambiguity which, according to the plaintiffs, arises from the legend and markings on the plat, the plaintiffs are not aided by *Gammons*. As in that case, assuming its admissibility for the stated purpose, the parol evidence relied upon is insufficient to overcome the combined weight of the other evidence in the case which impels a contrary conclusion.

## II.

The plaintiffs contend that Griffith Company was the agent of Construction Co. and Shellburne, Inc. In the light of this contention, the plaintiffs' position amounts to an attempt, supported solely by parol evidence, to graft upon the plaintiffs' deeds of conveyance, executed by Griffith Company, a covenant that neither Construction Co. nor Shellburne, Inc. would put the Shipley Road tract to a commercial use. This they may not do.

In *Gibney, et al. v. Stockdale Corporation*, 20 *Del.Ch.* 272, 174 *A.* 117 (1934), involving a comparable factual situation, it was held that the parol evidence rule prohibited the plaintiff plot owners from introducing parol evidence, the purpose of which was to show that the defendant developer, through its agent, had represented to the plaintiffs that no lots in the development would be used for business purposes. It was there stated that the offer of such evidence amounted to an ineffective attempt "to graft a covenant upon the deed" by parol evidence.

We approve the rule in *Gibney* and adopt it. There was no covenant in the plaintiffs' deeds barring commercial usage of the Shipley Road parcel. So far as the deeds speak of the matter, commercial use of the Shipley Road parcel is permissible. The plaintiffs may not supplement and contradict by parol the plain intendment of their deeds.

It is contended, however, that the parol evidence rule was waived by the defendant because it interposed no objection to the admission of the evidence. The point is not well taken. The parol evidence rule is a rule of substantive law and not a rule of evidence. See *Hull v. Brandywine Fibre Products Co.* (*D.C.Del.*, 1954) 121 *F.Supp.* 108. It follows that evidence which is inadmissible under the parol evidence rule does not acquire probative force merely because no objection was made thereto; and any evidence violative of the rule, even though admitted without objection, should not be considered. *E.g., Philip Carey Mfg. Co. v. General Products Co.*, 89 *R.I.* 136, 151 *A.2d* 487 (1959).

The plaintiffs contend that the extrinsic evidence before us does not fall within the inhibition of the parol evidence rule because its purpose is not to change or alter the plaintiffs' deeds. As we have indicated, this argument is untenable in our view of the case.

We conclude that the plaintiffs may not prevail in what amounts to an attempt to impose a covenant upon land by parol evidence. We find no error in the judgment of the Chancery Court. It is affirmed.