THORNTON CONSTRUCTION COMPANY, INC. *v.*
MACKINAC AGGREGATES CORPORATION.

1. CONTRACTS—UNEXPRESSED TIME OF PERFORMANCE—PRESUMPTION
OF REASONABLE TIME.

> A reasonable time is to be presumed without reference to parol
> evidence when a written contract is silent as to the time of
> performance.

2. EVIDENCE—PAROL EVIDENCE.

> The parol evidence rule is a rule of substantive law as well as a
> rule of evidence.

3. SAME—PAROL EVIDENCE—OBJECTION.

> Parol evidence is ignored in a proper case for the application
> of the parol evidence rule, even if the parol evidence is
> received without objection.

4. CONTRACTS—REASONABLE TIME—QUESTION OF FACT.

> What constitutes a reasonable time for the performance of a
> contract under the terms and surrounding circumstances of
> the contract is a question of fact.

5. SAME—REASONABLE TIME—EVIDENCE.

> Consideration by trial judge of nature of the construction in-
> dustry and written contract for sale of aggregates for road
> construction, which did not mention time for performance, as
> the best indicia of reasonableness in determining a reasonable
> time for performance was proper.

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 7]  17 Am Jur 2d, Contracts § 329 *et seq.*
[2]  30 Am Jur 2d, Evidence § 1017.
[3]  30 Am Jur 2d, Evidence § 1016 *et seq.*
[4]  17 Am Jur 2d, Contracts § 330.
[6]  5 Am Jur 2d, Appeal and Error § 839 *et seq.*
[8]  5 Am Jur 2d, Appeal and Error § 962.
[9]  5 Am Jur 2d, Appeal and Error § 1014.

6. Appeal and Error—Finding of Fact.

Findings of fact shall not be set aside unless clearly erroneous (GCR 1963, 517.1).

7. Contracts—Reasonable Time for Performance.

Finding by trial court that reasonable time for performance of written contract for removal of paving aggregates from defendant's quarry which did not mention time, had not expired on June 14, 1963, when defendant made further performance impossible, *held*, not clearly erroneous, where plaintiff had removed about 1/2 the aggregates in the fall before, but refused to remove the remainder in the following spring until a third party had paid plaintiff on its account and designated a delivery point for the remaining aggregates, defendant knew that completion date for the highway project on which aggregates were used was July 15 and knew that on highway contracts there might be extensions and delays, and defendant had drawn the written contract.

8. Appeal and Error—Remand—Damages—Additional Evidence.

Judgment for plaintiff in nonjury action is remanded for the taking of additional evidence of costs incurred in order to be more specific as to amount plaintiff is entitled to recover and as to an item of plaintiff's liability of defendant's counterclaim needing determination for use in another action.

9. Costs—Neither Party Prevailing in Full.

No costs are awarded on appeal when neither party prevails in full.

Appeal from Mackinac; Glennie (Philip J.), J., presiding. Submitted Division 3 October 6, 1967, at Marquette. (Docket No. 3,164.) Decided March 18, 1968. Rehearing denied April 25, 1968.

Action by Thornton Construction Company, a Michigan corporation, against Mackinac Aggregates Corporation, a Michigan corporation, for breach of contract. Defendant counterclaimed. Judgment for plaintiff on claim and for defendant on part of counterclaim. Defendant appeals. Affirmed in part and

reversed in part and remanded for new trial on issue of plaintiff's damages.

*Norman McLean,* for plaintiff.

*Brown & Brown,* for defendant.

Burns, J.   Defendant appeals a judgment of the circuit court which awarded plaintiff damages for breach of contract and only awarded defendant part of its counterclaim.

On September 22, 1962, the disputing parties in this case executed a written contract wherein Mackinac Aggregates Corporation (Mackinac) granted Thornton Construction Company (Thornton) permission to remove from defendant's Romano pit "all of the concrete paving aggregates required for the I–75 described as project No. BI 49025 E 18 RN and C 19 RN."   After taking approximately one half of the aggregates in the fall of 1962, Thornton refused to remove the remainder of the sand and gravel in 1963 until the paver, Pierson Construction Company, paid on its account with plaintiff and designated a delivery point.   Defendant allegedly considered Thornton's action as a repudiation of the contract and sold the Romano pit equipment on June 14, 1963, thereby rendering plaintiff's performance impossible and forcing plaintiff to use other sources.   Plaintiff sued for breach of contract and defendant counterclaimed.   A nonjury trial resulted in a judgment for plaintiff which was substantially offset because of plaintiff's failure to replace defendant's stockpile of aggregates.

Defendant appeals from the trial judge's denial of its motion for a new trial and raises the following questions:

"1. Was there a repudiation of the contract by Thornton?

"2. Were there legally sufficient proofs to justify the $20,000 awarded to plaintiff?"

The repudiation argument is predicated upon the existence of a time provision which defendant sought to establish by parol evidence. Defendant's witnesses testified that it was understood that one half of the job was to be done in the fall of 1962 and one half was to be done in the spring of 1963 as soon as the weather permitted. This alleged agreement was denied by plaintiff's witnesses. The contract itself is silent as to the time of performance by plaintiff.

"When a written contract is silent as to time of performance, a reasonable time is to be presumed without reference to parol evidence." *Brady* v. *Central Excavators, Inc.* (1947), 316 Mich 594, 607, and authorities therein cited.

Since the parol evidence rule is a rule of substantive law as well as a rule of evidence (*Salzman* v. *Maldaver* [1946], 315 Mich 403), we conclude that the parol evidence in this case must be ignored as having no probative value even though it was admitted without objection. See 4 Williston on Contracts (3d ed), § 631.

What constitutes a reasonable time under the terms and surrounding circumstances of a contract is a question of fact. *Reinforced Concrete Pipe Co.* v. *Boyes* (1914), 180 Mich 609, 616. Although Thornton's immediate need for aggregates suggested a sense of emergency at the time of executing the contract, the trial judge properly considered the contract and the nature of the construction industry as the best indicia of reasonableness. The completion date for the highway project referred to in the contract was July 15, 1963. Defendant had also bid

on this project and was, therefore, familiar with this date. The trial court found that "Defendant also was aware that in any of such road contracts that there might be extensions and delays." Inasmuch as defendant drafted the contract in question, it was easily within its province to include a time of the essence clause (if such a clause could be agreed upon), but not having done so, the absence of a time provision militates against defendant's position.

In conclusion the trial court found as fact:

"The action of plaintiff in delaying production of aggregates to force Pierson to make payments were all within the reasonable time limitation as provided by the terms of the contract."

"Findings of fact shall not be set aside unless clearly erroneous." GCR 1963, 517.1. The trial court's determination was not clearly erroneous on the first issue.

Regarding the second issue, we find that plaintiff's proof of damages was inadequate to establish any certainty upon which a judgment could be based, and, therefore, the amount of damages awarded plaintiff was unduly speculative. For the sole benefit of the parties and the trial judge who must rehear the issue of damages, we have carefully reviewed the record and plaintiff's exhibit which sets forth its theory of damages, and find the following:

1. The loss of the transformer is supported by the record.

2. The extra cost to produce stone aggregates is an unacceptable conclusion in that there was no testimony demonstrating Thornton's basic cost of production at its Pine river quarry. It would be improper for this Court or the trial court to assume, without more precise facts, that plaintiff's cost of operation at the Pine river quarry was identical to Thornton's cost at the Romano pit.

3. The alleged loss due to the inability to produce sand is unrealistic. Plaintiff's controller testified that plaintiff's alleged cost of 10 cents per ton was an additional expense incurred by processing the sand as a by-product of the gravel-producing operation. To be fair in computing this factor, some cost must be allocated from the total cost of producing all three aggregate classifications. The controller more or less admitted this but was not equipped to fix a factor.

4. The hauling savings to plaintiff is supported by the record.

5. The cost of reactivating the Pine river quarry is unsubstantiated by the record. The testimony of plaintiff's controller in this regard was:

"This item was worked up by Mr. Thornton. He is more familiar with the trucking portion and the hauling portion, so I have this figure, and in checking over his items, they look reasonable to me. But, for the last 6 or 8 years I have not had too much experience, and I don't know the current rating on that."

"Mr. Thornton" never confirmed this item. James Thornton had already testified that the cost of reactivating the pit and the reduction in hauling expense was approximately equal. If this approximation was accurate, then plaintiff's exhibit was in error.

6. The amount of salable aggregates contaminated and resulting in monetary loss therefrom is unspecified on the exhibit and on the record, and hence should not be a factor upon which to base damages.

7. The amount of Pierson Construction Company's claim against Thornton was contingent upon the result of another lawsuit at the time of the trial. An assessment against defendant based on this undetermined claim is premature until it becomes clear

that Thornton is liable for the estimated amount of the damages.

The case is affirmed in part and reversed in part and remanded for a new trial on the issue of plaintiff's damages.

No costs, neither party having prevailed in full.

FITZGERALD, P. J., and HOLBROOK, J., concurred.