18966

T. C. ADAMS, Jr., Respondent, v. Fred E. MARCHBANKS, Appellant

(170 S. E. (2d) 214)

*James W. Sparks, Esq.,* of Greenville, for Appellant,

*Robert N. Daniel, Jr., Esq.,* of Greenville, *for Respondent,*

October 8, 1969.

BRAILSFORD, Justice.

The plaintiff purchased from the defendant a house and lot in Anderson County, fronting on Lake Hartwell but separated therefrom by land of the United States Government to an average depth of some 135 feet above highwater mark. After the conveyance to plaintiff, the defendant removed a floating dock and ramp which he had installed and maintained in front of the premises by permission of the U. S. Army Corps of Engineers. Claiming that title to this installation had passed to him under the deed, the plaintiff sued the defendant for its conversion. The defendant appeals from an adverse verdict and judgment upon a single exception, which we quote:

"That the Court erred in allowing parol evidence and testimony to be introduced into evidence by the plaintiff for the purposes of varying the terms of a written contract when plaintiff's sole cause of action was based on said contract, the error being that such ruling by the Court was contrary to establish legal principles in the State."

Plaintiff purchased the property through a broker with whom the defendant had listed it by written contract. This listing agreement, which expressly included the dock in the property to be sold, was admitted in evidence over defendant's objection, and the broker was allowed to testify that the dock was included in the property offered by him to plaintiff. In addition, plaintiff was permitted to testify again over defendant's objection, that, in going over the property on the day before the sales contract was signed, the defendant pointed out the dock and explained how plaintiff could correct a slight defect in it.

While the exception fails to identify "the parol evidence and testimony" alleged to have been erroneously admitted, it is contended in the brief that the admission of the listing contract and of the testimony just referred to violated the parol evidence rule by varying the terms of the written contract of sale. It is now well settled that this rule is one of substantive law rather than of evidence. McCormick on Evidence, Sec. 213 (1954); 9 Wigmore, Evidence, Sec. 2400 (3d ed. 1940); J. Dreher, A Guide to Evidence Law in South Carolina 54 (1967); 30 Am. Jur (2d), Evidence, Sec. 1017 (1967). By this doctrine, the terms of the writing are controlling, even though evidence within its inhibition is admitted without objection or, as here, is admitted over appropriate objection. *Whitt v. Godwin,* 205 Va. 797, 139 S. E. (2d) 841 (1965); *Higgs v. De Maziroff,* 263 N. Y. 473, 189 N. E. 555, 92 A. L. R. 807 (1934), Annot., 92 A. L. R. 810. Assuming that the evidence objected to was within the inhibition of the rule invoked, it had no probative value on defendant's motion for a verdict by direction of the court. The admission of the evidence, if erroneous, was non-prejudicial, and the exception to its admission is without merit under the harmless error rule. Defendant's appeal should have been from the court's denial of his motion.

Our satisfaction with the result reached, albeit on a technical ground, is enhanced by our conviction that no injustice has been done by the judgment below.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.