PER CURIAM.
The Florida Bar (the Bar) has filed a petition proposing amendments to the Rules Regulating the Florida Bar. We have jurisdiction. See art. V, § 15, Fla. Const. The petition is filed through the authority of the Board of Governors of The Florida Bar, who approved the proposed amendments. The Bar states that this filing represents a compilation of rule proposals developed over a span of time from May 2001 to February 2003. Except for certain technical corrections, the proposed amendments were published in The Florida Bar Neivs on March 1, 2003, and a corrected notice was published in the March 15, 2003, edition of The Florida Bar News.[1] Two comments to the proposals were filed. The Bar responded to the comments.
AMENDMENTS
After considering the proposed amendments and hearing oral argument, we adopt the majority of the Bar’s proposals. Below we provide brief descriptions of the proposals we have adopted and our reasons for declining to adopt certain amendments.
Rules 1-3.6, Delinquent Members, and 1-7.3, Membership Fees, are amended to deem as delinquent members who have not paid costs or made required restitution within time periods specified in diversion cases or disciplinary proceedings. Rule 1-7.3(a), Membership Fees Requirement, is also amended to clarify existing language to characterize a member who has not paid costs or restitution as delinquent and to preclude the acceptance of membership fees from such members.
Rule 1-3.8, Right to Inventory, is amended to broaden the applicability of the rule to include the use of court-appointed inventory attorneys in cases involving involuntary leave of absence due to military service, catastrophic illness, or injury.
Rule 2-9.4, Ethics, is amended to create new subdivision (e), Disqualification as Attorney Due to Conflict, which contains provisions moved from rule 3-7.11(i). This new subdivision codifies a specific rule addressing disqualification due to conflict of interest for particular attorneys involved in proceedings for the issuance of opinions on professional ethics.
We decline to adopt the Bar’s proposed amendment to Rule of Discipline 3-5.1, Types of Discipline, Generally, and instead adopt alternate language which we add to Rule 3-7.6, Proceedings Before a Referee, for the reasons explained below. In Florida Bar v. Frederick, 756 So.2d 79, 85 n. 2 (Fla.2000), the Court concluded that the parol evidence rule does not apply to bar disciplinary proceedings. Nevertheless, we recognized the potential for abuse in that context, and we directed the Bar to propose a rule addressing the Court’s concerns. The Court explained:
In holding that the parol evidence rule does not apply to the disciplinary action brought by the Bar seeking disciplinary measures against [the subject attorney], we recognize that it would ordinarily apply in a civil action between [the subject attorney] and his clients seeking enforcement of the fee contract. Insofar as both types of actions can involve monetary sanctions or awards, we perceive a potential for abuse of the disciplinary process. Specifically, aggrieved *450 clients in contractual fee disputes with their attorneys could “get around” the parol evidence rule simply by seeking restitution through a disciplinary action, as opposed to monetary relief through a civil action. The same would not be true for aggrieved attorneys — the only recourse they would have in a contractual fee dispute with their clients would be through a civil action, where the parol evidence rule would ordinarily apply. Such unequal footing between attorneys and clients in contractual fee disputes appears to be at least unfair and at most unconscionable, especially considering that attorney-client fee contracts in Florida are preferred, if not required, to be in writing. See, e.g., R. Regulating Fla. Bar 4 — 1.5(e)—(f). Moreover, that the parol evidence rule could be so easily avoided by aggrieved clients as described above is at odds with the principle that the parol evidence rule is not simply a rule of evidence but, to the contrary, a fundamental rule of substantive law.
... [W]e do recognize the potential for abuse in this context, and therefore direct the Bar to craft and submit to this Court a proposed rule addressing these concerns.
Frederick, 756 So.2d at 85 n. 2 (citations omitted).
The Bar’s proposed amendment to rule 3-5.1 provides:
Competent evidence other than that contained in a written fee contract may be used in proceedings conducted under the Rules Regulating The Florida Bar to determine a lawyer’s compliance with those rules. However, any finding based on such evidence shall not be admissible in civil proceedings concerning the validity or amount of the legal fees that were at issue in the disciplinary proceeding.
Similar language is proposed for subdivision (a)(2) of rule 4-1.5, Fees for Legal Services.
Our concerns with the Bar’s proposal are twofold. First, the rule subdivisions in which the amendments are proposed govern forfeiture of fees and illegal, prohibited, or clearly excessive fees; however, Frederick did not involve an illegal, prohibited, or clearly excessive fee, or a fee forfeiture. Second, the Court’s intent in Frederick was to limit the use of parol evidence to vary the terms of a contract between an attorney and client. The Bar’s proposal appears to specify that more rather than less parol evidence may be admitted in Bar disciplinary proceedings.
In light of the foregoing, we decline to adopt the Bar’s proposal and instead adopt the following language making the parol evidence rule applicable to Bar discipline proceedings:
Parol Evidence. Evidence other than that contained in a written attorney-client contract may not be used in proceedings conducted under the Rules Regulating The Florida Bar to vary the terms of that contract, except competent evidence other than that contained in a written fee contract may be used only if necessary to resolve issues of excessive fees or excessive costs.
Because the aforementioned changes to the Bar’s proposal applies the parol evidence rule to all Bar proceedings that deal with attorney-client contracts (not just proceedings related to fees), we conclude that the new language should not be added to rule subdivisions that exclusively discuss forfeiture and the reasonableness of fees. Having reviewed the rules, we add the new language to rule 3-7.6, Proceedings Before a Referee. We conclude that a provision limiting the admission of parol evidence in Bar disciplinary proceedings would be more appropriate in this rule. The re *451 maining subdivisions are amended accordingly. In adopting this subdivision, we emphasize that the referee is not precluded from finding an excessive fee on the face of the contract.
Subdivision (d) of Rule 3-5.3, Diversion of Disciplinary Cases to Practice and Professionalism Enhancement Programs; Approval of Diversion, is amended to clarify that this subdivision applies to an offer of diversion in a disciplinary ease pending at staff or grievance committee level investigations. Subdivision (h), Diversion at Trial Level, is amended to provide that the procedures relating to the approval of conditional pleas under Rule 3-7.9, Consent Judgment, shall apply to diversion at the trial level.
In subchapter 3-6, Employment of Certain Attorneys or Former Attorneys, we adopt an amended version of the Bar’s proposed new Rule 3 — 6.1(c), Employment by Former Subordinates. The Bar’s proposed subdivision (c) would prohibit a lawyer who is disbarred or suspended from practice from being employed or supervised by another attorney who was previously supervised by that disbarred or suspended lawyer at the time of, or subsequent to, the acts giving rise to the order for a period of three years from the entry of the order pursuant to which the suspension, disciplinary resignation, or disbarment became effective. In its petition, the Bar explained that in several instances it has observed that a suspended lawyer hires a new associate to continue his or her law practice during a short-term suspension, and the suspended lawyer thereafter “works for” that new associate during his or her suspension. As soon as the suspension ends, the former supervisor-turned-employee returns to the role of supervisor. We agree with the Bar that the potential and real abuse that exists when the suspended lawyer influences the judgment of the associate necessitates an amendment to this rule. However, if the suspended attorney is reinstated to the practice of law before the three-year prohibition expires, we see no need for the ban on employment or supervision to continue. Accordingly, we adopt new subdivision (c), which prohibits a lawyer who is disbarred, suspended, or has taken a disciplinary resignation from practice from being employed or supervised by another attorney who was previously supervised by that disbarred, suspended, or resigned lawyer at the time of, or subsequent to, the acts giving rise to the disciplinary order for a period of three years from the entry of the order pursuant to which the suspension, disciplinary resignation, or disbarment became effective, or until the suspended attorney is reinstated to the practice of law, whichever occurs first.
Rule 3-7.1, Confidentiality, is amended to reorganize the current rule for greater clarity and to add new subdivisions that confirm the public nature of certain records and files that are not otherwise referenced in the current rule.
Rule 3-7.5, Procedures Before the Board of Governors, is amended to reorganize the current rule into chronological sequencing. The rule is further amended to (1) enhance the listing of grievance committee actions that are reviewed by a designated reviewer and create authority for the designated reviewer to ask the grievance committee to reconsider an action; (2) clarify existing language stating that the designated reviewer may forward the matter to the Disciplinary Review Committee of the Board of Governors; (3) expand the time for review by a designated reviewer from twenty-one to thirty days; and (4) specify what recommendations the designated reviewer may make, what recommendations the disciplinary review com *452 mittee may make, and what action the Board of Governors may take on review of the recommendations.
Rule 3-7.6, Procedures Before a Referee, is amended to create new subdivision (c), Pretrial Conference, which directs the referee to conduct a pretrial conference within sixty days of the order assigning the case to the referee and to set a schedule for the proceedings at that conference.
Subdivisions (a), (b), (c), and (e) of Rule 3-7.9, Consent Judgment, are amended to reorganize and clarify the procedures and the authority of individuals concerning guilty pleas before or after the filing of a formal disciplinary complaint.
Subdivision (b) of Rule 3-7.11, General Rules of Procedure; Process, is amended to clarify that if a respondent is represented by counsel, service by the Bar shall be effected instead on respondent’s counsel. Subdivision (c), Notice in Lieu of Process, is amended to provide that due process is satisfied by service of the complaint upon a represented respondent’s counsel by certified or registered mail to the last known address of respondent’s counsel according to the Bar’s records or another later known address. Subdivision (f), Contempt, is amended to provide that a respondent may be cited for contempt in a disciplinary proceeding only by way of a petition for contempt filed with the Florida Supreme Court. Subdivision (f) is further amended to clarify that appellate review of such contempt matters is governed by the Rules Regulating the Florida Bar and that any record on appeal shall be forwarded to this Court. Subdivision (i), Disqualification as Trier and Attorney for Respondent Due to Conflict, is amended to remove passages that are being transferred to rules 2-9.4, 6-1.5, and 10-5.2.
We decline to adopt the Bar’s proposed amendment to rule 3-7.11 that would add new subdivision (j) relating to administrative fees charged in discipline and reinstatement cases. The amendment would have created a sliding fee scale from $1000 to $5000 for various levels of progression through the Bar disciplinary or reinstatement process. Under the Bar’s proposal, the further an attorney’s case progresses through the disciplinary or reinstatement process (regardless of whether it is the attorney or the Bar who causes the matter to proceed further), the higher the administrative fee that the referee or this Court may assess should the Bar prevail in whole or in part. We are concerned that such a sliding scale would create a financial disincentive for an attorney facing discipline or seeking reinstatement to exercise rights provided by the Rules of Discipline because certain attorneys may not have the financial ability to participate fully in the disciplinary or reinstatement system. For this reason, we conclude that an across-the-board $500 increase in the administrative fee is preferable. Accordingly, we decline to adopt the Bar’s sliding scale and instead amend newly renumbered rule 3-7.6(q) and rule 3-7.10(m) to raise the amount of the administrative fee that may be assessed in disciplinary and reinstatement proceedings to $1250.
Rule 3-8.1, Florida Bar Grievance Mediation Program, is deleted and merged with various proposed revisions in the Chapter 14 fee arbitration rule.
Rule 4-1.5, Fees for Legal Services, is amended to codify that an attorney’s costs (in addition to the attorney’s fees) also must be reasonable. The amendment establishes criteria to determine reasonableness of costs and provides a safe harbor for written cost disclosures. The comment to the rule is amended to provide guidance for what costs should be included in the attorney’s fee and what costs should be paid by the client. The comment also provides that the lawyer should sufficiently *453 communicate with the client regarding the costs charged to the client.
Subdivision (f), Contingent Fees, is amended to require that only petitions and applications for approval of exceptional fee contracts that have been denied must be served on the Bar. We amend subdivision (h), Credit Plans, to delete language that currently limits charges under a credit plan to services actually rendered or cash actually paid. We further delete references to “approved” credit plans and add commentary to clarify that credit plans include credit card payments. The amended commentary further confirms that a lawyer who accepts payment from a credit plan for advance fees or costs must hold such amount in trust per governing rules and must add the lawyer’s own money to the trust account in an amount equal to the amount charged by the credit plan for doing business with the plan.
The Statement of Client’s Rights regarding approval of closing statements is amended to clarify that until the client approves the statement, a lawyer cannot pay money to anyone (including the client) without an appropriate court order.
Finally, the commentary to rule 4-1.5 is amended to acknowledge that the need for court approval of fee division in personal injury cases usually occurs prior to litigation or at the onset of representation, but further to clarify that in cases where litigation has commenced or representation has begun, lawyers should file a petition for approval of the fee division within a reasonable time after the need for such approval arises.
The commentary of Rule 4-1.8, Conflict of Interest; Prohibited and Other Transactions, is amended to clarify that a lawyer’s ability to accept client gifts under limited circumstances does not otherwise allow the lawyer to draft an instrument bestowing the gift. The commentary is further amended to suggest that if a written conveyance from the client must effectuate any substantial gift to the lawyer, the client should have the detached advice of another attorney, and to add that the lawyer should advise the client to seek such independent counsel.
Subdivision (b)(3) of Rule 4-1.16, Declining or Terminating Representation, is amended to replace “a client” with “the client” for stylistic consistency.
The commentary to Rule 4-3.3, Candor Toward the Tribunal, is amended to eliminate outmoded references to a lawyer’s duty to disclose to “the other party” evidence of the client’s deception.
The commentary to Rule 4^4.2, Communication With Person Represented by Counsel, is amended to substitute the term “permitted communications” for “communications authorized by law.”
Subdivision 4-7.2(b), Communications Concerning a Lawyer’s Services; Prohibited Statements and Information, is amended to eliminate the requirement that verbal and visual portrayals or depictions be “objectively relevant to the selection of an attorney.” Subdivision 4-7.2(c), General Regulations Governing Contents of Advertisements, is amended to eliminate the requirement that illustrations be “directly related and objectively relevant to a viewer’s possible need for legal services in a specific type of matter.” Subdivision (c) is further amended to authorize under certain conditions statements regarding an attorney’s certification or specialty in particular fields of practice awarded by organizations other than The Florida Bar. Further, language is transferred from rule 4-7.3(b), Advertisements in the Public Print Media; Disclosure Statement, to new subdivision (c)(ll), Appearance of Required Statements, which specifies that all required disclosures be clearly intelligible if *454 spoken, or legible if written, and no smaller than one-quarter the size of the largest type size appearing elsewhere in the advertisement. The commentary is amended to add transferred language from the comment to Rule 4-7.3, which offers an explanation for the regulation of type size of required disclosures.
Rule 4-7.3, Advertisements in the Public Print Media, is amended to move to rule 4-7.2 selected passages regarding the disclosure and appearance of required statements within lawyer advertisements from subdivision (b), Disclosure Statement, and the commentary.
Rule 4-7.4, Direct Contact With Prospective Clients, is amended to delete the requirement that written communications be on letter-sized paper rather than legal-sized paper.
Subdivision (b) of Rule 4-7.5, Advertisements in the Electronic Media Other Than Computer-Accessed Communications; Appearance on Television or Radio, and the commentary to the rule are amended to allow illustrations and other visual images that otherwise conform to the attorney advertising rules. The rule is further amended to prohibit the use of a celebrity spokesperson and to require any nonattor-ney spokesperson to identify him- or herself as a spokesperson and a nonattorney. Finally, the commentary is amended to provide guidance as to the types of images that may be false, misleading, or manipulative, and the types of sounds that are prohibited.
Rule 4-7.8, Exemptions From The Filing and Review Requirement, is amended to conform this rule to the 2002 amendments to Rule 4-7.2(c)(ll)(K), Permissible Content of Advertisements, to exempt from the requirements of filing and review those advertisements that contain only permissible content. The rule is also amended to delete the portion of rule 4-7.8(a) that states the exemption extends to television advertisements “only if the visual display featured in such advertisements is limited to the words spoken by the announcer.”
Rule 4A7.11, Lawyer Referral Services, is amended to add the requirements that a lawyer referral service (1) provide the Bar with quarterly reports of the names of persons authorized to act on behalf of the service, (2) respond in writing within fifteen days to official Bar inquiries, and (3) use its actual or registered fictitious name in all public communications. The rule is also amended to add that a lawyer who accepts referrals from a lawyer referral service is responsible for ensuring that the service is in compliance with provisions of Subchapter 4-7, Information About Legal Services.
Rule 4-8.4, Misconduct, and its commentary are amended to specify particular prohibited instances of sexual relations with a client, or a representative of a client “including but not limited to a duly authorized constituent of’ a corporate or other nonpersonal entity. The amendment also provides that a lawyer violates this subdivision if the lawyer’s sexual relations with the client or the client’s representative cause the lawyer to render incompetent assistance. The proposal further deletes the language from the commentary stating that sexual relations between the lawyer and client do not violate this subdivision if a sexual relationship existed between the lawyer and client before commencement of the lawyer-client relationship.
Rule 4-8.6, Authorized Business Entities, is amended to delete the word “registered” from references to “registered limited liability partnerships.” See § 620.8101, Fla. Stat. (2002) (definition of “limited liability partnership” includes a registered limited liability partnership). *455 The amendment further deletes an outdated reference to “pro hac vice” from the commentary. The comment and subdivisions (a) and (e) are amended to add language that additionally recognizes sole proprietorships and general partnerships as business entities in which lawyers are authorized to practice law. Subdivision (e) is amended to add an additional reference to rule 3-6.1.
We decline to adopt the Bar’s additional proposal to amend subdivision (e), Disqualification of Shareholder, Member, or Partner; Severance of Financial Interests, to provide that when a lawyer is the sole shareholder, member, proprietor, or partner of an authorized business entity and is under suspension for any period of time, the lawyer must sever all employment and financial interests with that entity during the term of the suspension. The comment to the rule currently notes that for short-term suspensions (i.e., those that last less than ninety-one days), “[sjevere tax consequences would result from forced severance and subsequent reestablishment (upon reinstatement of qualifications) of all financial interests in these instances.” Thus, short-term suspensions are currently excluded from the application of the current rule. Under the proposed change, however, upon the effective date of any short-term suspension where the lawyer is the sole shareholder, member, proprietor, or partner, the business entity would.no longer be authorized to exist and would be required to cease operation during the duration of the suspension. We decline to adopt a rule that would impose such severe consequences on an attorney receiving a short-term suspension and that attorney’s employees.
Rule 5-1.1, Trust Accounts, is amended to clarify that a lawyer may maintain funds belonging to the lawyer within a trust account in an amount no more than is reasonably sufficient to pay bank charges related to the account. New subdivision (h), Interest on Funds that are Not Nominal or Short Term, specifies that a lawyer who holds funds in trust for a client or third person and who determines that such funds are not nominal or short-term shall not receive any benefit from interest on the funds. Finally, commentary is transferred to the rule from Rule 5-1.2, Trust Accounting Records and Procedures.
Rule 5-1.2 is amended to clarify that trust account records that rely on copies of original bank checks must contain copies that include all endorsements. The commentary is deleted.
New Rule 6-1.5, Disqualification as Attorney Due to Conflict, is created to codify a specific rule addressing disqualification due to conflict of interest for particular attorneys involved in bar certification proceedings.
Rule 6-3.1, Administration, is amended to create new subdivision (h), which expands the authority and responsibility of the Board of Legal Specialization & Education (BLSE) regarding the regulation of lawyer certification. The amendment gives BLSE the authority and responsibility to establish policies, procedures, and appropriate fees to evaluate and accredit lawyer certifying organizations and programs.
Rule 6-3.10, Right of Appeal, is amended to reference Florida Rule of Appellate Procedure 9.100, Original Proceedings, to specify that the procedures under that rule are applicable in any review by the Florida Supreme Court of an appeal of a ruling or determination by BLSE.
New Subchapter 6-24, Standards for Certification of a Board Certified Construction Law Lawyer, is created to set forth standards to establish a new board certification in the field of construction *456 law. Addition of construction law further expands the existing certification plan as a resource for the public to identify lawyers who have met established standards in particular practice areas and who are committed to excellence and professionalism in the practice of law. The opportunity is likewise broadened for lawyers to achieve board certification as a visible way to demonstrate their commitment to quality and professionalism in the delivery of legal services.
In the Rules Governing the Investigation and Prosecution of the Unlicensed Practice of Law, Rule 10-4.1, Circuit Committees, Generally, is amended to change the term of circuit committee members from one year to three years. The amendment allows service for two consecutive three-year terms, and changes the period of time before a former member may return to the committee from three years to one year. Subdivision (b), Committee Chair, is amended to allow for the appointment of a circuit committee chair by the designated reviewer rather than the Board of Governors.
New Rule 10-5.2, Disqualification as Attorney for Respondent Due to Conflict, is created to codify a specific rule addressing disqualification due to conflict of interest for particular attorneys involved in Bar unlicensed practice of law (UPL) proceedings.
Rule 10-6.2, Subpoenas, is amended to delete the requirement that a witness subpoenaed to an investigatory hearing must appear only in the circuit where the local UPL committee is located.
Rule 10-7.1, Proceedings for Injunctive Relief, is amended to allow a referee to recommend, or a respondent to stipulate to, restitution in UPL proceedings for in-junctive relief. The amendment provides guidance for a referee’s recommendation of restitution and limits the restitution to the amount paid to the UPL respondent by the victim(s). The amendment also provides that if a UPL respondent fails to pay restitution ordered by this Court, the Bar is authorized to file a petition for indirect criminal contempt. Finally, subdivision (d) is amended to add travel and out-of-pocket expenses of counsel as recoverable costs in such cases.
Rule 10-7.2, Proceedings for Indirect Criminal Contempt, is amended to authorize a petition for indirect criminal contempt for failure to pay restitution ordered pursuant to rule 10-7.1. Subdivision (c), Proceedings Before the Referee, is amended to allow a referee to recommend restitution in UPL proceedings for indirect criminal contempt, and provides guidance for awarding restitution. Finally, subdivision (f), Costs, is amended to allow for restitution in any Supreme Court review of such cases.
Rule 10-9.1, Procedures for Issuance of Advisory Opinions on the Unlicensed Practice of Law, is amended to revise the requirement that a request for a formal advisory opinion state in detail “all” operative facts upon which the request is based to instead allow a statement detailing operative facts “to the extent practicable.”
Chapter 14, Fee Arbitration Rule, is revised to merge Rule 3-8.1, Florida Bar Grievance Mediation Program, into this chapter in order to obtain a common administrative process. The chapter is renamed “Grievance Mediation and Fee Arbitration.” The Florida Bar Grievance and Fee Arbitration Program (“the program”) is established as a means to empower complainants and respondents to resolve disputes without the involvement of formal disciplinary processes. The program has jurisdiction to resolve disputes over a fee paid, charged, or claimed for legal services rendered by a member of *457 the Bar when the parties to the dispute agree to arbitrate (1) by written contract, (2) by a request for arbitration signed by all parties, (3) as a condition of probation, or (4) as a part of a disciplinary sanction. Further, the program has jurisdiction to mediate issues in a disciplinary file that is referred to the program in which the public interest is satisfied by the resolution of the private rights of the parties to the mediation. The chapter establishes a joint standing committee for program oversight.
The Rules of Procedure for Arbitration Proceedings are renamed “Fee Arbitration Procedural Rules.”
Rule I, Preamble, is amended to replace references to circuit arbitration committees with references to the program.
Rule II, Selection of Arbitrators, is amended to remove all references in the rule to the circuit arbitration committee. The rule is further amended to provide that (1) this Court may enter orders requiring arbitration, and (2) the parties at any time may stipulate to the use of one arbitrator (as opposed to three) to hear a case when the amount in controversy exceeds $2500. Finally, subdivision (f), Time, is amended to provide that failure to comply with the time requirements set forth in this subdivision does not otherwise divest the arbitrator or panel of the authority to conduct proceedings under the policies and applicable rules.
Rule IV, Hearings, is amended to delete the requirement that arbitrators render a final decision within ten days of receipt of the parties’ writings and exhibits where the parties agree to waive an evidentiary hearing. The rule is further amended to provide that subpoenas may be enforced as provided in section 682.08, Florida Statutes, or as otherwise provided in the Rules of Discipline.
Rule VII, Enforcement, is deleted in its entirety and replaced with new Rule VII, Standards for Certification and Training. Subdivision (a), Eligibility, lists individuals who are eligible to be program arbitrators. Subdivision (b), Training, sets out when an applicant for program arbitrator must attend an orientation conference. Subdivision (c), Certification, explains when the standing committee may certify applicants as program arbitrators, and when the committee may decline to certify applicants. Subdivision (d), Removal of Certification, explains when the committee may revoke certification, and provides that a certified arbitrator shall not receive additional referrals where probable cause has been found against the arbitrator until the case has been disposed of. Finally, subdivision (e) explains what expenses arbitrators may be reimbursed for.
Rule 17-1.2, Definitions, is amended to delete references to an authorized house counsel’s disciplinary status in other jurisdictions “at the time of application for registration” under this chapter. Subdivision (a) is further amended to note that an authorized house counsel registrant must reside in, or be relocating to, Florida. Further, subdivision (a) is amended to separate information about pending disciplinary proceedings and past disciplinary proceedings into two separate items.
Rule 17-1.4, Registration, is amended to clarify that an authorized house counsel applicant must file a certificate of good standing and clear disciplinary record from each jurisdiction in which the applicant is licensed. Subdivision (a)(2)(c) is amended to delete redundant references to an authorized house counsel’s disciplinary status in other jurisdictions “at the time of application for registration” under this chapter. Finally, subdivision (d), Annual Registration, is amended to clarify that the registrant must recertify good standing and *458 lack of pending disciplinary complaints' in other jurisdictions at the time of annual renewal, and revises the subdivision title accordingly.
Rule 17-1.7, Transition, is renamed “Immunity from Prosecution.” Subdivision (a), Prior Commission of Unlicensed Practice of Law, is deleted in full to eliminate obsolete provisions. The remaining subdivision entry is revised appropriatély.
The large number of proposals in the instant petition demonstrates that the Bar has expended a great deal of time, thought, and effort in reviewing these rules and determining where the rules needed to be clarified, reorganized, or changed. We thank the Bar for its dedicated and diligent efforts in this undertaking.
Accordingly, we amend the Rules Regulating the Florida Bar as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The commentary is offered for explanation only and is not adopted as an official part of the rules. The amendments shall become effective immediately.
It is so ordered.
ANSTEAD, C.J., and WELLS, PARIENTE, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
PARIENTE, J., concurs specially with an opinion,' in which CANTERO, J., concurs.

. The Bar asks this Court pursuant to Rule Regulating the Florida Bar 1-12.l(i) to waive review of these technical corrections by the Board of Governors and the publication of any corrections that were not published in the corrected notice. We have reviewed the corrections and, because they are not controversial, we grant the Bar’s request for waiver.