MOORE, Judge,
concurring in the result.
I reluctantly concur in the result.
The trial court entered a judgment enforcing a settlement agreement that had been reached between the parties on October 26, 2004 (“the 2004 agreement”). That agreement provided, in pertinent part:
*804 “For property settlement: The wife shall have all right, title, and interest in the [Ono Island property] and husband waives all claims to the same.
“Wife shall refinance [the Ono Island property] in her separate name within 90 days of discharge of the IRS lien that is currently on the property and shall indemnify and hold harmless husband from the mortgage debt thereon.
“Husband shall have all right, title, and interest in the property located at 260 North Joachim, J-o-a-c-h-i-m. Street in Mobile, Alabama and shall indemnify and hold harmless the wife from any indebtedness on the same.
“The parties recognize that the IRS currently maintains a lien on the Ono [Island property] for unpaid withholding taxes incurred solely by the husband and/or husband’s business activities. The wife will seek a discharge of the lien with the IRS at the wife’s cost of processing this discharge. Husband shall cooperate in all respects with wife’s efforts in accomplishing this discharge.
“The husband agrees to be solely responsible for any and all indebtedness to the IRS and agrees to indemnify and hold wife harmless from the same....
[[Image here]]
“Alimony: Husband and wife waive all claims of periodic alimony in gross [sic ] that they have, that they may have against the other.
[[Image here]]
“Retirement: Parties waive all claims to the other parties retirement and pension accounts and they shall be their respective party’s property.
[[Image here]]
“The parties stipulate and agree that this settlement agreement is primarily based upon the discharge of the IRS lien against the Ono [Island] property. If said discharge is not accomplished the parties are not bound by the terms of this agreement.”
As the terms of the 2004 agreement make plain, the provisions relating to property division and alimony, among other things, depended on the satisfaction of a condition precedent — the discharge of the IRS tax lien against the Ono Island property. It is undisputed that the IRS tax lien was never discharged and, in fact, that the IRS had foreclosed on the tax lien against the Ono Island property. However, the trial court concluded, as a matter of fact, that the failure to discharge the tax lien resulted from the wife’s misconduct in refusing to cooperate with the husband’s efforts to mortgage the Ono Island property in order to pay the IRS tax lien and that, as a matter of law, that misconduct by the wife preventing the satisfaction of the condition precedent essentially es-topped the wife from complaining of that failure.
The main opinion correctly concludes that the wife has not challenged the legal conclusion reached by the trial court, thereby waiving any right to reversal on that ground. 58 So.3d at 800. The wife instead only attacks the sufficiency of the evidence supporting the trial court’s factual conclusion, pointing out that the unambiguous terms of the 2004 agreement did not require her to cooperate with the husband’s efforts to mortgage the Ono Island property and that her husband’s former attorney’s testimony to the contrary violates the parol evidence rule. The main opinion affirms the judgment on the ground that the testimony of the husband’s former attorney supports the trial court’s interpretation of the 2004 agreement and that the wife waived any argument based on a violation of the parol evidence rule by failing to object to that testimony. 58 So.3d at 801-02. I must agree that the *805 main opinion has properly applied current Alabama law, but I believe that current Alabama law regarding the effect of the failure to object to parol evidence should be reconsidered.
The wife correctly argues that the terms of the 2004 agreement do not require her to permit the husband to mortgage the Ono Island property for any reason, including obtaining funds necessary to satisfy the IRS tax lien. In fact, the terms of the 2004 agreement contradict any implication that the husband could mortgage the Ono Island property to gain a discharge of the IRS tax lien. The 2004 agreement calls for the husband to indemnify and hold the wife harmless from the IRS tax lien, and, upon the lien’s discharge, the agreement calls for the wife to indemnify and hold the husband harmless from any mortgage on the Ono Island property. If the husband had achieved his goal of mortgaging the Ono Island property, the wife ultimately would have had to pay the mortgage in order to perform her contractual obligations, but such responsibility would have violated the husband’s contractual obligation to hold the wife harmless for the IRS tax lien. The -wife thus argues that her refusal to participate in the closing of the attempted mortgage cannot be considered misconduct that prevented the satisfaction of the condition precedent.
Nevertheless, the wife allowed the husband’s former attorney, Richard Shields, to testify, without objection, that the parties did agree to refinance the Ono Island property in order to satisfy the IRS tax lien and that the husband would have been solely responsible for that mortgage. The trial court evidently agreed with that testimony when it concluded that the husband had performed his part of the bargain under the 2004 agreement. The trial court therefore inferred that the wife had acted unreasonably in failing to cooperate with the husband’s efforts to mortgage the Ono Island property.
On appeal, the wife correctly points out that Shields’s testimony violates the parol evidence rule. Under that rule, in the absence of some ambiguity, oral testimony generally will not be received to explain, contradict, vary, add to, or subtract from the express terms of a written contract. See Lake Martini Alabama Power Licensee Ass’n v. Alabama Power Co., 601 So.2d 942 (Ala.1992). In this case, the 2004 agreement was read into the record by the wife’s attorney and both parties then confirmed their agreement to the trial court. At that point, the 2004 agreement became as enforceable as any written agreement. See Ezell v. Childs, 497 So.2d 496, 498 (Ala.Civ.App.1986) (“In Alabama oral agreements entered in open court are as binding as written ones.”). As such, parol evidence could not be used to vary its terms.
However, current Alabama law also holds that, when a party allows the introduction of parol evidence contradicting the terms of a written agreement, the evidence may be considered and allowed such force and effect as its weight entitles in construing the agreement of the parties. Alfa Mut. Ins. Co. v. Northington, 561 So.2d 1041 (Ala.1990). On appeal, the court will consider that a party, by failing to object to the introduction of parol evidence, has waived any argument as to its use in determining the meaning of the agreement. Id. In other words, present Alabama law holds that by failing to object to parol evidence, a party may not thereafter complain that the fact-finder found a contract in accord with the parol evidence even if that parol evidence is totally contrary to the terms of the written agreement.
I believe the foregoing rules are premised on a misunderstanding of the parol evidence rule.
*806 “The parol evidence rule does not exclude certain evidence because, for one reason or another, it is untrustworthy or undesirable as a means of evidencing a fact sought to be proved. The rule simply states that certain evidence is legally ineffective. See Hibbett Sporting Goods, Inc. v. Biembaum, 875 So.2d 481 (Ala.1979).”
Dixon v. SouthTrust Bank of Dothan, 574 So.2d 706, 713 n. 5 (Ala.1990) (Houston, J., dissenting). In Southern Guaranty Insurance Co. v. Rhodes, 46 Ala.App. 454, 459, 243 So.2d 717, 721 (Civ.App. 1971), the court stated:
“In Section 2400(1)[, Wigmore on Evidence, 3d ed., Vol. 9,] Dean Wigmore says as follows:
“ ‘... The rule is in no sense a rule of evidence, but a rule of substantive law. It does not exclude certain data because they are for one or another reason untrustworthy or undesirable means of evidencing some fact to be proved. It does not concern a probative mental process, — the process of believing one fact on the faith of another. What the rule does is to declare that certain kinds of fact are legally ineffective as substantive law; and this of course (like any other ruling of substantive law) results in forbidding the fact to be proved at all. But this prohibition of proving it is merely the dramatic aspect of the process of applying dramatic aspect of substantive law. When a thing is not to be proved at all, the rule of prohibition does not become a rule of evidence merely because it comes into play when the counsel offers to “prove” it or “give evidence” of it; otherwise, any rule of law whatever might be reduced to rule of evidence;
As a rule of substantive law, the parol evidence rule declares all oral testimony contradicting the terms of a written agreement to be ineffective regardless of any attempt by a party to introduce such testimony and regardless of any failure by the opposing party to object to that attempt.
In Moody v. McCown, 39 Ala. 586 (1865), our supreme court, in discussing the effect of parol evidence admitted without objection, said:
“That this parol testimony was not objected to in the court below, or that no motion was made by the defendant to draw from the court an instruction against its being taken into consideration by the jury, will not, as we conceive, vary the case. The rule of law is, that the best evidence the case admits of must be produced. If either party offers to produce secondary evidence of the contents of a deed or other writing, and the opposing party does not object, the latter party waives his right, and the court may receive the secondary evidence. But this rule does not apply, where the parol evidence is not merely a secondary or inferior kind of evidence of the same facts, but is an inferior species of evidence, which conflicts with, and seeks to overthrow, that which is of a higher degree. This is against law; the silence of the opposing party does not cure its illegality, and the court is bound, mero motu, to treat it as having no validity, and to instruct the jury accordingly, if the nature of the case and the rights of the other party so require. There are cases, in which the rule requiring the best evidence may be relaxed; but evidence which is positively illegal, can never be received; and such is the character of parol evidence going to contradict or vary a written instrument. The court has no power to permit a deed or other writing, the foundation of a right or suit, to be annulled or *807 weakened in that way. Even if the parties consented that the parol evidence should be heard, the rule of interpretation would be the same, because the principle is, that parol evidence shall not be received to alter or contradict a written instrument.... ”
39 Ala. at 594-95 (emphasis added). The supreme court recognized in Moody that parties cannot change a rule of substantive law by their conduct at trial.
Over the years since Moody was decided, our appellate courts have consistently issued opinions contradicting the holding in Moody so that the decision now must be considered to have been implicitly overruled. See, e.g., State ex rel. Elmore v. Leveson, 207 Ala. 638, 93 So. 608 (1922); Vinyard v. Duck, 278 Ala. 687, 180 So.2d 522 (1965); Mersereau v. Whitesburg Ctr., Inc., 47 Ala.App. 146, 251 So.2d 765 (Civ.App.1971). However, the logic employed in Moody has never been challenged in any reported case. It appears that the appellate courts of this state simply adopted a contrary rule without any real analysis or explanation of why parol evidence should be treated as simply another form of proof that may be considered in the absence of a proper objection.
The rule now persisting in Alabama was once followed in the majority of jurisdictions, see Gary D. Spivey, Annotation, Modem Status of Rules Governing Legal Effect of Failure to Object to Admission of Extrinsic Evidence Violative of Parol Evidence Rule, 81 A.L.R.3d 249 (1977); however, the “new rule” now prevailing in this country holds, consistent with Moody, that parol evidence cannot vary the terms of a written instrument even if the evidence is admitted without objection, and that a party may raise for the first time on appeal an error by the trial court in relying on such oral testimony when considering the meaning of a written instrument. See Gajewski v. Bratcher, 221 N.W.2d 614 (N.D.1974). In Bratcher, the North Dakota Supreme Court stated:
“Our research reveals that there is a sharp conflict and substantial difference in the judicial decisions upon the question of the legal effect of the admission, without proper and timely objection, of oral or intrinsic evidence, incompetent and inadmissible under the parol evidence rule.
“One line of authority, characterized as the ‘old rule,’ holds that, unless proper and timely objection is made to the incompetency or inadmissibility of intrinsic evidence in violation of the parol evidence rule, such error cannot be assigned or raised for the first time upon appeal.
[[Image here]]
“The other line of authority, referred to as the ‘new rule’ established by the ‘modern trend’ of judicial decisions, holds, in effect, that since parol evidence is not a rule of evidence but of substantive law, the failure to make proper and timely objection to the admissibility of oral or intrinsic evidence does not render such evidence competent or admissible or entitle it to any probative force or value, and imposes a duty upon the appellate courts to disregard and to exclude such evidence from its consideration in the rendition of its decision in the absence of a claim or proof of fraud, mistake or accident. 32A C.J.S. Evidence § 851, p. 219; 30 Am.Jur.2d, Evidence, §§ 1017 and 1022; 88 C.J.S. Trial § 154, p. 301; Williston on Contracts (3d ed.) § 631; and 5 Am.Jur.2d, Appeal and Error, § 737.
“We believe it to be appropriate and advisable to quote from some of the decisions to establish the rule recognized and approved by the ‘modern trend’ of judicial authority.
*808 “(1) ‘Parol evidence, though admitted without objection, must be ignored as of no legal import, and its incompetency to vary a written contract is a matter of law.’ Pinsky v. Sloat, 130 Cal.App.2d 579, 279 P.2d 584, 590 (1955). Smith v. Bear, 287 F.2d 79 (2d Cir.1956).
“(2) ‘The parol-evidence rule is not so much the rule of evidence as the rule of substantive law and requires the court to disregard such evidence even if it gets into the record without objection.’ Conrad Milwaukee Corporation v. Wasilew-ski, 30 Wis.2d 481, 141 N.W.2d 240, 244 (1966).
“(3) ‘Since the parol evidence rule is a rule of substantive law as well as a rule of evidence (citations omitted) we conclude that the parol evidence in this case must be ignored as having no probative value even though it was admitted without objection.’ Thornton Construction Co. v. Mackinac Aggregates Corp., 9 Mich.App. 467, 157 N.W.2d 456, 458 (1968).
“(4) ‘The parol evidence rule is not a rule of evidence, but is a rule of positive or substantive law founded upon the substantive rights of the parties. (Citations omitted.) Admission of testimony in violation of the parol evidence rule does not make the testimony competent, whether it is admitted without, or over, objection. Such evidence will be disregarded even though no objection is made thereto. (Citations omitted.) ... and an appellate court cannot consider such evidence or give it any weight.’ Farmers State Bank v. Reiser, 83 S.D. 354, 159 N.W.2d 388, 390 (1968).
“We find that, in addition to the decisions of the Supreme Courts of the states of California, Michigan, Wisconsin, and South Dakota, from which we quoted herein, there are another fourteen states that have recognized and approved the so-called modern rule. They are: Carey v. Shellbume, Inc., Del., 43 Del.Ch. 292, 224 A.2d 400 (1966); Waters v. Lanier, 116 Ga.App. 471, 157 S.E.2d 796 (1967); Williams v. Williams, 251 Iowa 260, 100 N.W.2d 185 (1959); O'Bryan v. Massey-Ferguson, Inc., 413 S.W.2d 891 (Ky.1966); Burrowes Corporation v. Read, 151 Me. 92, 116 A.2d 127 (1955); Sherman v. Kaufman, 349 Mass. 606, 211 N.E.2d 220 (1965); Melton v. Ensley, 421 S.W.2d 44 (Mo.App.1967); Fry v. Ashley, 228 Or. 61, 363 P.2d 555 (1961); Philip Carey Mfg. Co. v. General Products Co., 89 R.I. 136, 151 A.2d 487 (1959); Adams v. Marchbanks, 253 S.C. 280, 170 S.E.2d 214 (1969); Aetna Casualty & Surety Company v. Watson, 476 S.W.2d 868 (Tex.Civ.App.1972); Zehler v. E.L. Bruce Co., 208 Va. 796, 160 S.E.2d 786 (1968); Fleetham v. Schneekloth, 52 Wash.2d 176, 324 P.2d 429 (1958); North American Uranium, Inc. v. Johnston, 77 Wyo. 332, 316 P.2d 325 (1957).
“We are convinced that the rule established by the modern trend of judicial authority is sound, reasonable and just....
[[Image here]]
“Considering these principles of law and rules of evidence, we conclude that the mere failure by the plaintiffs to object to the admission of intrinsic evidence that is incompetent under the par-ol evidence rule does not constitute the relinquishment of a known right or privilege by them. We think that the crucial question presented for decision is whether a substantial breach of the material terms and conditions of a written contract by a party thereto is prohibited by and against the public policy expressed in our statute.
“We are convinced that the trial court erred in considering the evidence that was received in violation of the parol evidence rule and in the entry of an *809 order directing the dismissal of plaintiffs’ action with prejudice for two sound and practical reasons:
“First, because the mere failure of the plaintiffs to object to the admission of intrinsic evidence cannot render competent or admissible, or impart any probative value, to evidence which was incompetent and inadmissible in the first instance under the parol evidence rule embodied in and expressly prohibited by our statute, in the absence of any claim of fraud, mistake or accident; and
“Second, because it is our plain duty to interpret the quitclaim deed involved herein in the light of the law in existence at the time of its execution and delivery, which must be read into and become an enforceable part thereof, and when so interpreted we find and determine that the parties thereto agreed:
“(1) That their written contract expressed their true intention;
“(2) That they would not adduce or rely upon extrinsic evidence to vary, contradict or impeach it, and having so agreed, they are bound thereby and cannot be permitted to repudiate or violate the material terms and conditions thereof.
“Manifestly, to permit either of the parties to breach or to dishonor their written agreement would not only destroy the value of written contracts, but seriously undermine and impair the stability and security of titles to real property, evidenced by written instruments, and thereby defeat the very purpose of the parol evidence rule, nullify the legislative enactment thereof, and induce the commission of perjury. 92 A.L.R., p. 812.
“For these reasons, we approve the rule established by the modern trend of judicial authority as an exception to the general rule that error in the admission of incompetent evidence must first be raised in and decided by the trial court before it can be assigned as prejudicial error upon appeal.
“Consequently, we find and determine that we not only have the legal right, but the explicit duty, to disregard and to exclude from our consideration in the rendition of our decision all of the oral or intrinsic evidence, admitted without objection, in violation of the parol evidence rule.”
221 N.W.2d at 629-32. Accord Barber v. McCord Auto Supply, Inc. (In re Pearson Indus., Inc.), 147 B.R. 914 (Bankr.CD.Ill.1992); Tri-Cities Forklift Co. v. Conasauga River Lumber Co., 700 S.W.2d 548 (Tenn.Ct.App.1985); and Baroid Equip., Inc. v. Odeco Drilling, Inc., 184 S.W.3d 1 (Tex.App.-Houston [1st Dist.] 2005).
This case illustrates the inherent injustice in allowing a technical rule of procedural law to overcome the substantive rights of the parties. By determining that the wife has waived any argument as to the sufficiency of the parol evidence upon which the trial court relied in construing the 2004 agreement, this court is allowing the 2004 agreement to be interpreted in a manner totally contrary to its plain and unambiguous terms. Despite Alabama law that parol evidence is ineffective to vary the terms of a written agreement, this court is affirming a judgment based exclusively on the testimony of an advocate for the husband, which testimony absolutely contradicts the terms of the 2004 agreement. Basically, this court is allowing a trial court to disregard the terms of a written agreement because a former attorney for one of the parties testified that it means something different than what it actually says. The trial court did not enforce the 2004 agreement; it enforced a totally different agreement proven solely by the words of former counsel for the husband. As a result, the wife lost, among other things, her right to contest the *810 grounds for divorce, her right to an equitable division of property, and her right to alimony. The better-reasoned rule would have required this court to disregard the parol evidence, which would have mandated a reversal of the trial court’s judgment and would have allowed the divorce of the parties to be decided based on actual evidence.
Because I am constrained by the decisions of our supreme court, I must agree that the main opinion correctly disposes of the wife’s argument regarding the sufficiency of the evidence by holding that the factual findings of the trial court are supported by the testimony of the husband’s former attorney. However, I urge the supreme court to reconsider its position and to adopt the “new rule,” which requires appellate courts to apply the substantive law that parol evidence cannot be considered to the extent it contradicts the terms of a written instrument even if the appealing party fails to object to the introduction of such evidence.